UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRYANT BUCHANAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-934-JD-JEM |
| WENDY, et al., | |
| Defendants. | |

OPINION AND ORDER

Bryant Buchanan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Buchanan alleges that, when he arrived at the St. Joseph County Jail on August 23, 2023, he weighed 175 pounds. He asserts that he was weighed by Nurse Wendy on September 18, 2023, and weighed only 143 pounds, resulting in a BMI of under 18.4. Nurse Wendy, however, did not record his correct weight and BMI. She instead documented his weight as 145 pounds and his BMI as 18.6, which falls within the normal range. Nurse Wendy ordered blood work and X-rays, but the results were

normal. Buchanan made several requests to someone in the medical department (he does not say who) for double portions of food, and the requests were denied. Other inmates started giving him their leftovers, but he still felt he was not getting enough food. On September 28, 2023, he was weighed by Nurse Wendy again and weighed 149 pounds. He is 6'2" and weighed 150 pounds when he filed his complaint, which he asserts is 25 pounds under weight. He, however, included documents showing that, at 151 pounds, his BMI is 19.4, which is in the healthy weight range.

Because Buchanan was a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct

does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Here, Buchanan alleges that Nurse Wendy inaccurately recorded his weight on one occasion, resulting in a BMI calculation that put him within the healthy weight range instead of the underweight range. Still, she ordered medical testing, and those tests were normal. This was not objectively unreasonable. While it is not clear who denied Buchanan's requests for double portions of food, even if it was Nurse Wendy, this was not objectively unreasonable where his weight fell below a healthy range on one occasion and by no more than two pounds. Therefore, Buchanan has not stated a claim against Nurse Wendy.

Additionally, Buchanan's complaint is confusing because he says he is suing one defendant, and yet he lists Head Nurse Wendy, St. Joseph County Jail, and the Medical Department as defendants. St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against the jail. The medical department is not a suable entity either. To the extent Buchanan is attempting to sue St. Joseph County, even if someone employed by the county had violated Buchanan's constitutional rights, he could not proceed against St. Joseph County. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, he cannot proceed against the medical department or St. Joseph County.

This complaint does not state a claim for which relief can be granted. If Buchanan believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Bryant Buchanan until **December 6, 2023**, to file an amended complaint; and

(2) CAUTIONS Bryant Buchanan if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 3, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT