UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRYANT BUCHANAN,<br><br>    Plaintiff,<br><br>        v.<br><br>WENDY, et al.,<br><br>    Defendants. | CAUSE NO. 3:23-CV-934-JD-JEM |

OPINION AND ORDER

Bryant Buchanan, a prisoner without a lawyer, filed an amended complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Buchanan alleges that, on September 18, 2023, Nurse Wendy falsely documented his weight as 145 pounds instead of 143 pounds. He further alleges that she denied him double portions of food to raise his weight back up to 175 pounds. Shortly after initiating this lawsuit, another medical provider ordered that he receive daily protein shakes and nightly peanut butter sandwiches to increase his weight. He believes this is proof that Nurse Wendy lied. He also believes he was provided with additional food to

cover up Nurse Wendy's alleged recording of a false weight and avoid this lawsuit. He seeks $80,000.00 in damages.

The allegations of the amended complaint are even more sparse than those of Buchanan's earlier complaint. ECF 1. In his earlier complaint, Buchanan alleged that, when he arrived at the St. Joseph County Jail on August 23, 2023, he weighed 175 pounds. He asserts that he was weighed by Nurse Wendy on September 18, 2023, and weighed only 143 pounds, resulting in a BMI of under 18.4. Nurse Wendy, however, did not record his correct weight and BMI. She instead documented his weight as 145 pounds and his BMI as 18.6, which falls within the healthy weight range. Nurse Wendy ordered blood work and X-rays, but the results were normal. Buchanan made several requests to someone in the medical department (he does not say who) for double portions of food, and the requests were denied. Other inmates started giving him their leftovers, but he still felt he was not getting enough food. On September 28, 2023, he was weighed by Nurse Wendy again and weighed 149 pounds. He is 6'2" and weighed 150 pounds when he initiated this case, which he asserts is 25 pounds under weight. He, however, included documents showing that, at 151 pounds, his BMI is 19.4, which is in the healthy weight range.

Because Buchanan was a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of

the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

In both his current complaint and the earlier complaint, Buchanan alleges that Nurse Wendy inaccurately recorded his weight by two pounds on one occasion. Assuming for purposes of this order that Buchanan had an objectively serious medical need, neither Buchanan's current complaint nor his earlier complaint alleged facts from which it could be plausibly inferred that Nurse Wendy's actions were objectively unreasonable. Therefore, Buchanan has not stated a claim against Nurse Wendy.

The court noted that Buchanan's earlier complaint was confusing because he said he is suing one defendant, and yet he listed Head Nurse Wendy, St. Joseph County Jail, and Medical Department as defendants. The same is true of his current complaint: he says he is suing one defendant, but he lists Head Nurse Wendy, Wellpath, and St. Joseph County Jail as defendants.

As already explained, St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against the jail. To the extent Buchanan is attempting to sue St. Joseph County, even if someone employed by the county had violated Buchanan's constitutional rights, he could not proceed against St. Joseph County. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, he cannot proceed against the St. Joseph County Jail or St. Joseph County.

Instead of suing the medical department, which is not a suable entity, Buchanan now names Wellpath as a defendant. However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Buchanan's allegations against Wellpath are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Wellpath.

Buchanan's amended complaint does not state a claim. Buchanan has already been granted an opportunity to amend his complaint, and he did not address the deficiencies pointed out by the court in his amendment. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on January 26, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT